JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00099 AG (KESx) | Date | March 1, 2018 |
|---|---|---|---|
| Title | AMERICAN EXPRESS BANK, FSB v. PARITOSH MAZUMDER ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING MOTION TO REMAND**

This matter is appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b). The Court VACATES the March 12, 2018 hearing on the motion to remand.

Plaintiff American Express Bank, FSB sued Defendants Paritosh Mazumder and NPR Biomedical, Inc. in state court for credit card collection on August 25, 2017. Defendants, California citizens, removed the case to federal court on January 18, 2018. (Dkt. No. 1.) On February 7, 2018, Plaintiff filed a motion to remand this case to Orange County Superior Court. Plaintiff argues that removal was improper because Defendants are all forum defendants, meaning they are citizens of the state where the action was brought (California). (Dkt. No. 7 at 4.) Perhaps recognizing the strength of this argument, Defendant filed a notice of non-opposition to the motion to remand on February 20, 2018. (Dkt. No. 9.)

The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to all Cases . . . between Citizens of different States." And Congress, in 28 U.S.C. § 1332(a), has authorized district courts to exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." Principles of federalism, due respect for the state courts, comity, and judicial economy require courts to "scrupulously

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00099 AG (KESx) | Date | March 1, 2018 |
|---|---|---|---|
| Title | AMERICAN EXPRESS BANK, FSB v. PARITOSH MAZUMDER ET AL. | | |

confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also In re La Providencia Dev. Corp.*, 406 F.2d 251, 252 (1st Cir. 1969) ("Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed."). As this Court has often stated, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotation marks omitted).

Removal based on diversity jurisdiction is intended to protect out of state defendants from possible prejudices, and the need for protection is not present in cases where the defendant is a citizen of the state where the case was filed. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006). Indeed, the removal statute—28 U.S.C. § 1441(b)(2)—states that an action removed solely on diversity jurisdiction may not be removed if any defendant is a citizen of the state where the action is brought. Here, Defendants are from California, so the need to protect them from possible prejudices in California state court is not present. Accordingly, remand is appropriate. *See* 28 U.S.C. § 1441(b)(2).

**DISPOSITION**

The Court GRANTS the unopposed motion to remand. (Dkt. No. 7.) The Court ORDERS that this case be remanded to Orange County Superior Court.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-00099 AG (KESx) | Date | March 1, 2018 |
|---|---|---|---|
| Title | AMERICAN EXPRESS BANK, FSB v. PARITOSH MAZUMDER ET AL. | | |